UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OTAILSON DOMINGUES-DOS SANTOS,

      Petitioner,

  v.                        Case No. 2:26-cv-1722-JES-KRH

U.S. IMMIGRATION ANC CUSTOMS
ENFORCEMENT, et al.,

      Respondents.

_____

**OPINION AND ORDER**

Petitioner Otailson Domingues-Dos Santos, a citizen of Brazil, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus on May 20, 2026, in which he argued that removal from the United States was not likely in the reasonably foreseeable future. (Doc. 1). In the petition, he sought release from immigration custody. (Id.)

On June 8, 2026, Respondents informed the Court that Petitioner was removed from the United States on June 3, 2026. (Doc. 6 at 1). Thus, they argue that the petition must be denied as moot and dismissed. (Id.)

Federal courts have limited jurisdiction. Under Article III of the Constitution, our power extends only to actual "Cases" and "Controversies." Id. We do not issue advisory opinions or decide questions that have become academic. See, e.g., Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).

Here, Domingues-Dos Santos asked this Court for a writ of habeas corpus to secure his release from detention.  But the Government ended his custody by removing him from the United States.  Thus, the condition he sought to escape no longer exists, and the habeas petition is moot.  Djadju v. Vega, 32 F.4th 1102, 1107 (11th Cir. 2022); see also Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1289 (11th Cir. 2019) ("As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody.").

No exception to the mootness doctrine applies here.  A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release.  But Domingues-Dos Santos's habeas petition challenged only his detention, not the validity of his removal order or anything else. He has not argued any continuing injury from his prior detention that this Court can now remedy.  See Djadju, 32 F.4th at 1107 ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review."  Al Najjar, 273 F.3d at 1339. But this applies only in "exceptional situations" where there is

2

a "demonstrated probability" that the same controversy will happen again to the same person.  Id.  That is not the case here.  The probability that Domingues-Dos Santos will return to the United States and be re-detained is too remote to sustain federal jurisdiction.  See, e.g., Mehmood v. United States Att'y Gen., 808 F. App'x 911, 913 (11th Cir. 2020).  Moreover, he can re-file a habeas petition should that occur.

In sum, Domingues-Dos Santos is no longer in ICE custody. There is no live controversy left to adjudicate, and the Court is powerless to grant relief for a detention that has already ended. See Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt., No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025).

Accordingly, it is hereby **ORDERED**:

1.  Otailson Domingues-Dos Santos's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** as moot.

2.  The Clerk is **DIRECTED** to terminate all deadlines, deny any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 12, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3