UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OTAILSON DOMINGUES-DOS SANTOS,

      Petitioner,

  v.

U.S. IMMIGRATION ANC CUSTOMS
ENFORCEMENT, et al.,

      Respondents.

Case No. 2:26-cv-1722-JES-KRH

## <u>ORDER</u>

Petitioner Otailson Domingues-Dos Santos, a citizen of Brazil, filed a 28 U.S.C. § 2241 petition for writ of habeas corpus on May 20, 2026, in which he argued that his detention was unconstitutional because his removal from the United States was unlikely to occur in the reasonably foreseeable future. (Doc. 1 at 7). In the petition, Domingues-Dos Santos asked the Court to: (1) assume jurisdiction over this matter; (2) issue a writ requiring the government to release him; (3) prohibit the government from removing him from the United States while this matter remains pending; and (4) grant "any other and further relief that this Court deems just and proper." (<u>Id.</u> at 9–10).

On June 8, 2026, Respondents informed the Court that Domingues-Dos Santos had been removed from the United States on June 3, 2026. (Doc. 6 at 1). Thus, because Domingues-Dos Santos was no longer in custody, the Court dismissed his habeas petition

as moot.  (Doc. 8).  Subsequently, Domingues-Dos Santos moved for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. 9).  For the following reasons, the motion is denied.

### I. Legal Standards

Federal Rule of Civil Procedure 59(e) gives a district court the chance "to rectify its own mistakes in the period immediately following its decision." Banister v. Davis, 590 U.S. 504, 508 (2020).  But a Rule 59(e) motion should not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); see also Banister, 590 U.S. at 508 ("[C]ourts will not address new arguments or evidence [in a motion for reconsideration] that the moving party could have raised before the decision issued.").  The decision to reconsider a judgment is committed to the sound discretion of the district court.  Drago v. Jenne, 453 F.3d 1301, 1305 (11th Cir. 2006); Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

### II.  Discussion

Domingues-Dos Santos argues that the Court erred by dismissing his habeas petition as moot because, although he is no longer physically detained, he "continues to suffer concrete and ongoing injuries directly resulting from the challenged

2

governmental conduct." (Doc. 9 at 2). He asserts that "[his] removal has resulted in continuing separation from his family, loss of support to his household, and interference with his ability to pursue available immigration benefits and forms of relief. These injuries remain ongoing and are directly traceable to the governmental conduct challenged in this action." (Id. at 2-3). He also argues that his constitutional rights were violated during the execution of his final order of removal because immigration agents involuntarily administered sedatives and physically restrained him during the removal process, resulting in injuries. (Id. at 3). While the Court does not question Domingues-Dos Santos' assertion that he has suffered (and continues to suffer) considerable collateral consequences from his deportation, granting his Rule 59(e) motion and reopening the petition would be futile because the Court is without power to address the issues raised in the motion.

In his habeas petition, Domingues-Dos Santos sought relief from immigration custody, which he received—albeit not in the manner he preferred. Thus, this Court correctly determined that the petition was moot. (Doc. 8 at 2). His attempt to now recharacterize his petition as challenging the removal order (or the removal process) itself is unavailing because this Court never had jurisdiction to interfere with or stay Domingues-Dos Santos' removal. The Immigration Nationality Act (INA) strips district

3

courts of jurisdiction to review final orders of removal. Specifically, the Act is clear that no district court "shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas provision . . . to review such an order." Id. § 1252(b)(9). Thus, "the sole and exclusive means for judicial review of an order of removal" lies with the Court of Appeals. Id. § 1252(a)(5).

Likewise—even had Domingues-Dos Santos' claims of involuntary sedation and battery been properly raised in the habeas petition[1]—this Court does not have jurisdiction to review the actions of immigration agents during the actual removal process. As noted, § 1252(g) states that district courts lack jurisdiction to hear "any cause or claim" arising from the decision to commence proceedings or execute a removal order. And courts have applied this jurisdiction-stripping provision of § 1252 to Federal Tort Claims Act (FTCA) claims and Bivens[2] claims. See, e.g., Sissoko

---

[1] Domingues-Dos Santos' allegations of battery and involuntary sedation are not the type of claims generally amenable to adjudication in a petition for writ of habeas corpus. This is because, in the Eleventh Circuit, if a litigant can raise a claim in a civil rights action, that claim cannot be brought in a habeas petition. See Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006) (describing habeas petitions and circumstances-of-confinement claims as "mutually exclusive); Kerlin v. Barnard, 742 F. App'x 488, 489 (11th Cir. 2018) ("[T]he district court should dismiss a habeas petition raising a claim available under § 1983.").

[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A civil rights suit under Bivens

4

v. Rocha, 509 F.3d 947, 949–51 (9th Cir. 2007) (noting that the district court lacked jurisdiction under § 1252(g) to review a Bivens claim by an alien alleging improper detention while awaiting removal); Foster v. Townsley, 243 F.3d 210, 213–15 (5th Cir. 2001) (holding that § 1252 stripped the district court of jurisdiction to hear Bivens claims for constitutional deprivations resulting from the plaintiff's removal, even when the actions taken were non-discretionary and in violation of regulatory requirements); Kareva v. United States, 9 F.Supp.3d 838, 844–45 (S.D. Ohio 2014) (finding that an alien's FTCA claims for false arrest and imprisonment, based on actions by ICE officials to secure her for removal, lack jurisdiction under § 1252 because they arise from the decision to execute a removal order); Guardado v. United States, 744 F.Supp.2d 482, 493 (E.D. Va. 2010) (dismissing alien's assault, battery, and false imprisonment claims under the FTCA due to lack of jurisdiction under § 1252(g), based on the facts that ICE agents handcuffed the plaintiff and placed him on an airplane during removal).  See also Gupta v. McGahey, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding Petitioner's claims that immigration agents illegally searched his apartment and seized personal property to "arise from actions taken to commence proceedings").

---

permits injured plaintiffs to bring a cause of action "against federal officers based on violations of their constitutional rights"—much like a 42 U.S.C. § 1983 suit against state actors. Behrens v. Regier, 422 F.3d 1255, 1264 n. 15 (11th Cir. 2005).

### III. Conclusion

When Domingues-Dos Santos was released from immigration custody by his removal to Brazil, he received the only relief this Court had jurisdiction to provide. Therefore, the Court properly dismissed his 28 U.S.C. § 2241 petition as moot. Domingues-Dos Santos has not demonstrated the existence of any ground for this Court to reconsider its dismissal order. If he thinks the legal reasoning underlying any of the Court's decisions is wrong, Domingues-Dos Santos should appeal the ruling, not seek reconsideration. Jacobs v. Tempur-Pedic Intern, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Thus, his Rule 59(e) motion to alter or amend the judgment (Doc. 9) is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on June 24, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE